IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| UNITED STATES OF AMERICA | § | |
|---|---|---|
| | § | |
| V. | § | |
| | § | No. 3:17-cr-361-B (2) |
| GREGORY CASH CHAPPELL, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER**

Defendant Gregory Cash Chappell is charged with violating 21 U.S.C. §§ 846, 841(b)(1)(C), and 843(b) in an indictment out of this district. The government moved for pretrial detention pursuant to 18 U.S.C. § 3142, and, on August 1, 2017, a hearing on the government's motion for detention was held.

The Court granted the motion, explaining:

> "For pretrial detention to be imposed on a defendant, the lack of reasonable assurance of either the defendant's appearance, or the safety of others or the community, is sufficient; both are not required." *United States v. Rueben*, 974 F.2d 580, 586 (5th Cir. 1992). Further, the government has invoked the 18 U.S.C. § 3142(e)(3) rebuttable presumption because there is probable cause to believe that Defendant has committed an offense for which a maximum term of imprisonment of ten or more years is imposed in Title 21 of the United States Code. Section 3142(e)(3) mandates that, in such a case as this, "it shall be presumed that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community." 18 U.S.C. § 3142(e)(3). Where, as here, the presumption applies, although the burden of persuasion remains always with the government, Defendant must produce sufficient evidence to rebut the presumption. *See United States v. Hare*, 873 F.2d 796, 798-99 (5th Cir. 1989).
>
> Even if Defendant has come forward with sufficient evidence to rebut the presumption that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community, the government may prove by a

-1-

preponderance of the evidence that there is no condition or combination of conditions that could be set to reasonably assure Defendant's appearance as required or by clear and convincing evidence that there is no condition or combination of conditions that will reasonably assure the safety of the community or another person if Defendant were released. *See United States v. Fortna*, 769 F.3d 243, 250 (5th Cir. 1985). And "the mere production of evidence does not completely rebut the [Section 3142(e)(3)] presumption"; "[i]n making its ultimate determination, the court may still consider the finding by Congress that drug offenders pose a special risk of flight and dangerousness to society." *United States v. Rueben*, 974 F.2d 580, 586 (5th Cir. 1992).

The Court has considered the testimony of the case agent, Defendant's proffer through counsel, and the report of the pretrial services officer, in light of the factors listed in 18 U.S.C. § 3142(g) – including the nature and circumstances of the offense charged, the apparent weight of the evidence against Defendant, and Defendant's history and characteristics.

Defendant offered some evidence by proffer to rebut the presumption. He stayed at the same house where was arrested in May 2017 and then arrested again in July 2017, knowing he was facing state and possibly federal charges. That may be evidence to at least rebut the presumption as to risk of nonappearance. But the evidence also shows that Defendant is a user and dealer of methamphetamine who has admitted to possession of a firearm in connection with drug trafficking out of the house where he was living. The Court has been presented with very limited information on where – other than that house to which he is not welcome to return – Defendant would reside if released and about the friend with whom he apparently could live. For the reasons stated on the record at the hearing, on this record, the Court finds that Defendant has not come forward with evidence to rebut the Section 3142(e)(3) presumption that no condition or combination of conditions will reasonably assure the safety of the community if Defendant is released and that, even if Defendant had come forward with some evidence to rebut the Section 3142(e)(3) presumption, the government still has proved that there is no combination of conditions that could be set to reasonably assure the safety of the community if Defendant were released.

Based on the facts explained above, and the Court's findings based on those facts, with or without the rebuttable presumption, the Court finds that there is no condition or combination of conditions that could be set to reasonably assure the safety of the community if Defendant were released. Accordingly, the Government's motion for detention is GRANTED.

Dkt. No. 20 at 1-4.

Defendant has now filed a Motion to Reopen Detention Hearing under 18 U.S.C. § 3142, *see* Dkt. No. 41 (the "Motion to Reopen"), which United States District Judge Jane J. Boyle has referred to the undersigned United States magistrate judge for hearing, if necessary, and determination under 28 U.S.C. § 636(b), *see* Dkt. No. 42.

In the Motion to Reopen, Defendant explains that,

> [p]ursuant to 18 U.S.C § 3142(f), the detention hearing may be reopened at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community.
> Defendant is not a flight risk, not a danger to the community and will appear pursuant to all orders of this Court.
> ....
> Defendant is a U.S. citizen that has family ties in the North Texas area. His criminal history in minimal. The defendant will be able to present testimony that he was unable to present at the original hearing regarding a third party custodian that will support a finding that he is not a flight risk and is not a danger to the community. His grandmother has been diagnosed with lung cancer and has had a stroke so his family was unable to be present at the hearing.
> In addition, he was arrested on May 9, 2017 and only booked in the Dallas County jail. He did not flee after he was arrested on the State charge. Upon release he reported to his bond company prior to being arrested again on a federal charge. During that time he also found employment and will be able to gain employment if released. His employer will be able to provide testimony that was unavailable at the time of the detention hearing.
> ....
> Conditions such as electronic monitoring or home confinement or curfew will reasonably assure the safety of the community. Conditions such as regular check-ins with pretrial services, remain in the custody of a designated person who agrees to assure supervision

> and report any violation and/or regular appearances in Court will assure the appearance of the defendant as required.
>
> ....
>      There are conditions that can be ordered which are available and will reasonably assure the appearance of the person as required and the safety of any other person and the community. Therefore, the Court should reconsider the pretrial release of the defendant.

Dkt. No. 41 at 1-2.

The Court heard oral argument on the motion on October 3, 2017, and Defendant, his counsel, and the government's counsel appeared. *See* Dkt. No. 44. The government opposes the Section 3142(f) request to reopen.

Defendant has been ordered detained under 18 U.S.C. § 3142 following a hearing. Under these circumstances, a detention hearing "may be reopened ... if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community." 18 U.S.C. § 3142(f)(2).

A finding that there is no condition or combination of conditions that could be set to reasonably assure Defendant's appearance as required must be based on a preponderance of the evidence. *See United States v. Fortna*, 769 F.3d 243, 250 (5th Cir. 1985) ("That is to say, to order detention on this ground the judicial officer should determine, from the information before him, that it is more likely than not that no condition or combination of conditions will reasonably assure the accused's appearance"); *see also United States v. Bosquez-Villarreal*, 868 F.2d 1388, 1389 (5th

Cir. 1989) ("To successfully detain an individual without bail pending trial, the Government is obligated to establish by a preponderance of the evidence that the appearance of the defendant cannot reasonably be assured by any condition or combination of conditions of bail.").

As stated above, pretrial detention may be imposed based on no reasonable assurance of either the defendant's appearance or the safety of others or the community. See *Rueben*, 974 F.2d at 586. And "neither the Bail Reform Act nor [the United States Court of Appeals for the Fifth Circuit's] caselaw requires a court to be absolutely certain that no possible non-detention option will prevent flight before determining that a defendant must remain in custody. As previously noted, the flight risk determination is made on the preponderance of the evidence standard." *United States v. Stanford*, 341 F. App'x 979, 981-82 (5th Cir. 2009).

Under Section 3142(f)(2), the Fifth Circuit has "interpreted th[e] standard as asking whether any 'new' information was presented." *United States v. Stanford*, 367 F. App'x 507, 510 (5th Cir. 2010) (citing *United States v. Hare*, 873 F.2d 796, 799 (5th Cir. 1989) ("We agree with the district court that the testimony of Hare's family and friends is not new evidence."); *Stanford*, 341 F. App'x at 984 ("It cannot therefore be said that [the witnesses'] testimony was newly discovered or previously unavailable.")).

The Court may reject a motion to reopen because the evidence to be presented is not new or because it would not be material. *See Hare*, 873 F.2d at 799 ("Hare seeks a second hearing on various statutory grounds. First, he seeks to have

his sister, mother, and a friend testify that he appeared whenever required to do so during prior prosecutions. He would also offer evidence of his exemplary conduct as an electrician while detained and of the fact that his pretrial incarceration will last considerably longer than usual. Under the Bail Reform Act a hearing may be reopened at any time before trial 'if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue [of risk of flight or dangerousness].' We agree with the district court that the testimony of Hare's family and friends is not new evidence. Nor can the length of his current or potential future detention be considered under this section since it is not material to the issue of risk of flight or dangerousness. Given Hare's past record of narcotics convictions and the seriousness of the present charges, the district court did not abuse its discretion in finding that Hare's work as an electrician and selection as a trustee while in detention is not sufficiently material to the issue of dangerousness to justify a second hearing." (footnote omitted)); *accord Stanford*, 367 F. App'x at 510-11.

At oral argument, Defendant's counsel explained that the new information that he contends satisfies Section 3142(f)(2)'s standard for reopening is Defendant's employer's willingness to testify that he would agree to serve as a third-party custodian and to allow Defendant to live in his house. Defendant's counsel explained that this is information that, without having successfully contacted the employer before the detention hearing, was not known to Defendant at the time of the detention hearing. Defendant's counsel explained that, before the detention

-6-

hearing, he knew Defendant was employed and that his employer potentially could testify but that he did not have a good phone number for the employer before the hearing and, without having spoken to him, did not know that the employer would allow Defendant to live with him or serve as a third-party custodian.

The Court finds that, under the circumstances, this is not the kind of information that qualifies as "information ... that was not known to the movant at the time of the hearing" under Section 3142(f)(2). Although Defendant did not know that his employer would be willing to serve as a third-party custodian and allow him to live with him, he knew that he could ask his employer whether he would be so willing. Defendant had his initial appearance on July 27, 2017, and the detention hearing was continued by three court days to August 1, 2017 at the government's request. *See* Dkt. Nos. 7 & 10. Defendant could have, as his counsel acknowledged at oral argument, sought an additional continuance, including an additional two days as a matter of right under 18 U.S.C. § 3142(f)(2), to locate or contact Defendant's employer as a possible witness and third-party custodian.

The Court is persuaded that Fifth Circuit case law, like case law from other jurisdictions, interprets Section 3142(f)'s "not known to the movant at the time of the hearing" "language to mean not just actual knowledge, but also constructive knowledge, i.e., knowledge that one using reasonable care or diligence should have, and therefore that is attributed by law to a given person. Thus, a litigant cannot invoke 3142(f) to reopen and offer statements about his character from relatives and friends; he is charged with constructively knowing of those statements. A defendant

cannot forego an opportunity to confront a witness and elicit favorable testimony, and then later claim the testimony he or she failed to elicit would constitute new information. By the same token, a person cannot be charged with constructive knowledge of a future event, and a court's ruling on a suppression motion made after the detention hearing is not something that with the exercise of reasonable care and diligence can be actually or constructively known." *United States v. Spring*, Crim. A. No. 14-10303-RGS, 2014 WL 6609156, at *2 (D. Mass. Nov. 20, 2014) (internal quotation marks and citations omitted).

Defendant's employer was not at the hearing, unlike many of the family and friends in *Stanford*. *See* 341 F. App'x at 984. But, as in *Stanford*, Defendant "never asked for more time to locate witnesses" – including his employer, who was known to him as a potential witness before the hearing. *Id.*

That, having found his employer's contact information and spoken to him after the hearing, Defendant or his counsel has now learned that his employer would be willing to allow Defendant to live with him and to serve as a third-party custodian does not justify reopening the hearing as the kind of new information or newly discovered evidence that Section 3142(f)(2) contemplates.

Section 3142(f)'s mechanism for reopening detention hearing is not properly employed as a vehicle for granting a do-over to present evidence that a defendant knew he could have investigated – and now wishes he had run down – before the detention hearing. *See United States v. Flores*, 856 F. Supp. 1400, 1405-06 (E.D. Cal. 1994) ("Basic notions of fairness work to preclude the reopening of a judicial

-8-

detention/release decision unless the party can demonstrate, at the least, good cause for the failure to initially present the evidence. .... [18 U.S.C. § 3142(f)'s] statutory language begs the issue here which is – why was the information not known to the government at the time of the initial hearing, and will any reason given for the lack of knowledge mandate the reopening of a detention/release decision. There is no case law to the undersigned's knowledge that directly discusses the issue herein, and there is no legislative history addressing the statutory silence. .... The government relied heavily on a treatise concerning the Bail Reform Act written by a respected magistrate judge (John Weinberg) in which he states that: 'It is only necessary to show that the information was not 'known' to the movant. It is not relevant that the movant could have, or even should have, known the information at the time of the hearing.' Weinberg, Federal Bail and Detention Handbook, § 7.09, (1988 & Supp. 1991). However, no authority of any kind is referenced, and this court disagrees with the conclusion of the author. The court does so for several reasons. There are very few proceedings in federal practice which encourage a party to be less than diligent in bringing forth all material evidence the first time a hearing is held. Generally, reconsideration of a decided matter based on the presentation of additional evidence requires good cause for the failure to present that evidence initially. *See, e.g.*, FED. R. CIV. P. 60(b); *United States v. Oliver*, 683 F.2d 224 (7th Cir. 1982) (failure to exercise diligence in locating witnesses before criminal trial precludes new trial based on newly discovered evidence). A rule that would not discourage a party for failing to acquire

readily available evidence for presentation the first time is a rule that encourages piecemeal presentations. Judicial efficiency is not served by such a practice." (emphasis removed)); *see also United States v. Gagnon*, Crim. No. 10-52-B-W, 2010 WL 1710066, at *1 (D. Me. Apr. 23, 2010) ("Gagnon's presentation does not squarely fit within [Section 3142(f)'s] statutory directive. His motion to reopen is more in the nature of a motion to present me with Plan B because I rejected Plan A at the initial hearing, finding that the proposed conditions of release were not adequate because the third-party custodian, Brian Gagnon, resides in close proximity to Canada and has a history of confrontations with law enforcement, and because the offer of a $10,000.00 cash bond would do nothing to alleviate my concern about the risk of flight. Gagnon now proposes that he live outside Lincoln, Maine, that his sister, Deborah Gagnon McLaughlin, and her husband act as third-party custodians, and that they provide their home, valued free of encumbrances at approximately $50,000.00, as surety for his appearance. It is apparent that Gagnon knew about his sister's potential availability at the time of the original hearing and his counsel conceded that the major reason this package was not presented to the court in the beginning of March when the original hearing was held was because Gagnon would have preferred to live in his hometown of Van Buren with his brother. Basically, the information that was not known to Gagnon at the time of the original hearing was that I would not view his brother favorably and that I would question the etiology of the $10,000.00 cash. I am not at all convinced this sort of showing meets the statutory criteria for reopening a detention hearing. It is basically just a request for

a second bite at the apple." (citation omitted)).

## Conclusion

The Court DENIES Defendant Gregory Cash Chappell's Motion to Reopen Detention Hearing [Dkt. No. 41].

SO ORDERED.

DATED: October 10, 2017

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE